UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ELLIOT B. HOLLY,

Plaintiff,

v.

MINNESOTA DEPARTMENT OF HUMAN SERVICES,

Defendant.

Civil No. 00-767 (JMR/FLN)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he seeks leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that Plaintiff's IFP application be denied, and that the action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I. BACKGROUND

Plaintiff is currently confined at the Minnesota Sexual Psychopathic Personality Treatment Center, ("MSPPTC"), at Moose Lake, Minnesota. He is attempting to sue the Minnesota Department of Human Services, which allegedly is responsible for operating the MSPPTC. Plaintiff alleges that MSPPTC detainees who are placed in "protective isolation" often have their federal constitutional rights violated by certain unnamed individuals, (who presumably are employed by Defendant). It is alleged, for example, that such detainees are "denied a pillow, sheets, blanket, pillow case, towels,

FILED APR 12 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

soap and toilet paper for two hours." It is further alleged that "[t]hey have to brush their teeth and comb their hair in handcuffs and walk around... for 30 minutes a day in hand cuffs;" "[t]hey are forced to shower with liquid soap that dries out their skin;" "[t]hey are denied the right to use bar soap;" and "[t]hey are denied the right to order legal writing pads." The complaint includes a lengthy litany of similar deprivations.

The complaint does not specifically allege that Plaintiff is presently confined in protective isolation, or that he ever has been so confined in the past. Nor does the complaint specifically allege that Plaintiff himself has ever suffered any of the deprivations described in his pleading. Furthermore, the complaint does not identify any particular compensatory or equitable relief that Plaintiff may be seeking in this action. Instead, Plaintiff asks only that counsel be appointed to represent him in this case.

## II. DISCUSSION

An IFP application will be denied and the action will be dismissed if the plaintiff has filed a complaint that fails to state a claim on which relief may be granted, or if the named defendant is immune from damage claims. 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).[1] For the reasons discussed below, the Court concludes that the instant complaint must be dismissed in its

---

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted" (§ 1915(e)(2)(B)(ii)).

entirety because it fails to state any actionable claim for relief against the only named Defendant, (the Minnesota Department of Human Services), and because the only named Defendant is immune from suit in federal court.[2]

A. Failure To State Actionable Claim

While a pro se pleading is to be liberally construed, it still must allege facts, which if proven true, would legally entitle the plaintiff to some relief against the named defendant(s). Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). The instant complaint does not satisfy this basic requirement because it does not allege that Plaintiff himself personally suffered any of the alleged constitutional deprivations described in his pleading. Instead, it appears that he is attempting to bring this action solely for the benefit of other "patients" at the MSPPTC.

---

[2] Although it is evident that Plaintiff is presently subject to some form of involuntary confinement, it is not clear whether he is a "prisoner" for purposes of 28 U.S.C. §§ 1915(b) and 1915A. If he is presently being detained pursuant to a civil commitment, then he might not be a "prisoner" under either of those statues. See 28 U.S.C. § 1915(g) ("the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program"); 28 U.S.C. § 1915A(c) (same). The Court will resolve this definitional issue in Plaintiff's favor, by assuming, for now, that he is not a "prisoner" for purposes of §§ 1915(b) and 1915A. This means that he will not be subject to the prisoner filing fee requirements prescribed by § 1915(b), and that his complaint will not be subject to the initial screening requirements prescribed by § 1915A. However, even as a non-prisoner, Plaintiff's complaint is still subject to dismissal pursuant to § 1915(e)(2)(B), if it fails to state a claim on which relief can be granted, or seeks relief only from defendants who are immune from suit.

However, Plaintiff lacks standing to assert claims for the past or future injuries of other MSPPTC detainees, and he cannot attempt to bring claims on their behalf. Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a] prisoner must allege a personal loss[;]... [he] lacks standing to bring claims alleging mistreatment of others"); see also Hooker v. Pazera, No. 3:92-CV-715RM (N.D.Ind. 1996), 1996 WL 476658 at *4 (prison inmate "has no standing to assert the rights of other prisoners and may only challenge violations of his own rights") (citing Martin and 22 other federal cases holding that prisoners may sue only for their own injuries). Nor can Plaintiff rely on the experiences of other prisoners to support his own claims for relief. See Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999) (prisoner litigant failed to state an actionable claim for relief because he "failed to allege that it was he, rather than other prisoners, who was subjected to certain allegedly unconstitutional conditions").

To state an actionable claim for relief, Plaintiff's complaint would have to include factual allegations describing how his own constitutional rights have been violated. His generalized allegations describing the typical experiences of inmates at the MSPPTC will not suffice.

Moreover, even if Plaintiff's complaint did describe specific constitutional deprivations that he personally suffered while confined at the MSPPTC, his pleading still would be defective, because it does not indicate why the Minnesota Department of Human Services itself would be legally responsible for such deprivations. Plaintiff apparently assumes that the Department of Human Services can be held liable for the misconduct of its employees, but that is not so. To the contrary, it is well-settled that in § 1983 actions

employers cannot be held vicariously liable for constitutional torts committed by their employees. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). See also Beard v. Lockhart, 716 F.2d 544, 545 (8th Cir. 1983). Thus, even if the complaint included factual allegations showing that some employee(s) of the Department of Human Services deliberately violated Plaintiff's own constitutional rights, (and again, the complaint clearly fails to include such allegations), dismissal would still be required because the Department could not be held vicariously liable for such violations.

B. Immunity

This action must be dismissed not only because of the pleading defects noted above, but also because the Eleventh Amendment protects state agencies -- such as the Minnesota Department of Human Services -- from being sued in federal court. Glick v. Henderson, 855 F.2d 536, 540, (8th Cir. 1988). States and their agencies are immune from suit in federal court under the Eleventh Amendment, unless the state has consented to being sued, Pugh v. Alabama, 438 U.S. 781, 782 (1978) (per curiam), or Congress has abrogated the state's immunity by some express statutory provision. Will v. Michigan Dept. of State Police, 491 U.S. 58, 66-67 (1989); Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995). It is well-settled that Congress did not lift the states' Eleventh Amendment immunity when it enacted § 1983, (Will, 491 U.S. at 66-67, Quern v. Jordan, 440 U.S. 332, 341-45 (1979)), and there is no indication that the Minnesota Department of Human Services has waived its immunity and consented to being sued in

this case.[3] Therefore, Plaintiff's claims against the Department of Human Services must be dismissed on immunity grounds.

## III. CONCLUSION

For the reasons discussed above, the Court concludes that Plaintiff's complaint fails to state an actionable § 1983 claim against the Minnesota Department of Human Services, and that his attempt to sue the Department of Human Services is, in any event, barred by the Eleventh Amendment. The action must therefore be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). It follows that Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), must be denied.

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's complaint, (Docket No. 1), be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B); and

2. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**.

Dated: April 12, 2000

FRANKLIN L. NOEL,
Chief Magistrate Judge

---

[3] The Court also notes that neither a state nor its agencies are considered to be "persons" for purposes of 42 U.S.C. § 1983. For this additional reason, the Minnesota Department of Human Services cannot be sued under § 1983. Will, 491 U.S. at 71.

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by 4-28-00, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.